IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CYNTHIA PREECE,

    Plaintiff,

v.                                            No. 05-2548 B

MEDCO HEALTH SOLUTIONS, INC.,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

INTRODUCTION

The Plaintiff, Cynthia Preece, initially brought this action in the Shelby County Circuit Court against the Defendant, Medco Health Solutions, Inc. ("Medco"), alleging negligence with respect to a prescription for the drug Coumadin provided to the Plaintiff by Medco. The matter was removed to this Court on August 2, 2005. Before the Court is the motion of the Defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

STANDARD OF REVIEW

Rule 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56©; see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on her pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## FACTS

The following facts are undisputed. Preece suffered a blood clot in 1993 to her left little finger and has since been treated for coronary disease. Treatment has included the prescription medication Coumadin. The Plaintiff's father, Dr. Donald Riley, is a practicing radiologist and has prescribed Coumadin for his daughter. In the summer of 2004, Preece was taking varying doses of the drug because her INR[1] was fluctuating wildly. On July 5, 2004, she presented at St. Francis Hospital in Memphis, Tennessee with cold and discolored fingers. Preece contends that, as a result of taking baby aspirin, she developed a blood clot in the finger. Levenox was prescribed and her condition improved. In a July 13, 2004 visit to her cardiologist, Dr. Aikens, the Plaintiff expressed concern that the INR fluctuations might be related to diet. He did not agree.

Medco filled Preece's Coumadin prescriptions, including one dated January 29, 2004 which

---

[1]An INR is a test indicating the correct level of Coumadin to be taken.

she claims contained a combination of Coumadin and baby aspirin. Medco also filled a prescription for Coumadin in April 2004. It is undisputed that she added the contents of the April 2004 prescription to the bottle filled in January and that it was her routine to pool medications of the same kind into one container. The Plaintiff claims that sometime after the July 2004 hospital visit, she took a pill from the Medco bottle that tasted like aspirin. Her father, who was present at the time, observed that the bottle contained two types of pills of similar size and color, although some were lighter. Preece produced the bottle at her deposition, which contained 13.5 light-colored pills and slightly more than 15 darker pills.

The Plaintiff gave the bottle to her father without using any more of its contents, but did not contact Medco or her physician. She had a new prescription for Coumadin that had been filled at a Walgreens pharmacy. After the July 2004 doctor visit, Preece had no more medical incidents until May 2006 when she was hospitalized for four days in Louisville, Kentucky, where doctors discovered a blood clot around her heart. It is her assertion that the Kentucky physicians believed the clot was a result of the 2004 mixture of baby aspirin and Coumadin. The Plaintiff claims that she is at risk daily as a result of the blood clot, but concedes that her lifestyle and activities have not suffered.

ARGUMENTS OF THE PARTIES AND ANALYSIS

It is not disputed that the substantive law of Tennessee applies to the merits of this case. See Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 296 n.1 (6th Cir. 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). In a claim for ordinary negligence in Tennessee, the plaintiff must prove "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of

the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." Estate of Hardin v. Broadmore Senior Servs., LLC, Nos. 3:05-0382, 3:06-0481, 2007 WL 2112670, at *5 (M.D. Tenn. Jul. 19, 2007). Medical malpractice claims in Tennessee are "a specialized type of negligence action . . . specifically controlled by the [Tennessee] medical malpractice statute," which provides that

> [i]n a malpractice action, the claimant shall have the burden of proving by evidence . . .
>
> (1)   The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2)   That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3)   As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a); Hardin, 2007 WL 2112670, at *5. A claim cannot succeed in the absence of any element. Kelley v. Middle Tenn. Emergency Physicians, P.C., 133 S.W.3d 587, 592 (Tenn. 2004). Tennessee law requires that the showing under § 29-26-115(a) be made by qualified expert testimony as to each element. Hardin, 2007 WL 2112670, at *7; Moon v. St. Thomas Hosp., 983 S.W.2d 225, 229 (Tenn. 1998).

"[N]o rigid analytical line separates" claims for ordinary negligence and medical malpractice." Gunter v. Lab. Corp. of Am., 121 S.W.3d 636, 639 (Tenn. 2003) (quoting Weiner v. Lenox Hill Hosp., 88 N.Y.2d 784, 650 N.Y.S.2d 629, 673 N.E.2d 914, 916 (1996)). "The initial determination . . . is whether an action sounds in negligence or in medical malpractice." Hardin, 2007 WL 2112670, at *6; see also Gunter, 121 S.W.3d at 639. Tennessee courts have distinguished

4

the two actions as follows: "when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply." Gunter, 121 S.W.3d at 641.

The complaint filed by the Plaintiff, which alleges negligence on the part of Medco, does not specifically identify the instant action as one for medical malpractice. However, in her response to the Defendant's dispositive motion, Preece does not take issue with Medco's characterization of her assertions as medical malpractice claims or its argument that § 29-26-115(a) applies to her case and, therefore, requires expert testimony. Indeed, she argues that Dr. Riley's affidavit satisfies the elements thereof.

In reviewing the complaint and the motion papers, the Court concludes that this lawsuit is governed by § 29-26-115(a). In doing so, the Court finds instructive the decision in Hardin, in which the court determined, applying the standard set forth in Gunter, that "the administration of prescription medications to a mentally ill resident of an assisted living facility is conduct that constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional[ and, t]herefore, the plaintiff has the burden of proof to establish the elements set forth in [§] 29-26-115, and must do so through the use of a qualified expert." Hardin, 2007 WL 2112670, at *7. Here, the dispensing of prescription medications by a pharmaceutical company or pharmacist under its direction, as alleged by the Plaintiff, bears a substantial relationship to the rendition of medical treatment by a medical professional. The Court now turns to the question of whether the Plaintiff has satisfied the elements of the medical malpractice statute.

In support of her claims, the Plaintiff has offered the affidavit of her father, Dr. Riley. The Defendant insists that the affidavit does not satisfy the statutory requirements. The Court agrees. In his affidavit, Dr. Riley avers that "[b]y dispensing low-dose aspirin along with Coumadin, Medco breached the applicable standard of care for pharmacists in this community." (Aff. of Dr. Donald Riley at ¶ 23) Under the medical malpractice statute, "[i]t is the plaintiff who is charged with the burden of proof as to the standard of care in the community in which the defendant practices or in a similar community." Mabon v. Jackson-Madison County Gen. Hosp., 968 S.W.2d 826, 831 (Tenn. Ct. App. 1997), app. denied (Apr. 20, 1998). "The plaintiff's tendered expert must be familiar with the standard of care in the community in which the defendant practices or in a similar community." Id. "Without this requisite threshold evidence of the standard of care in the locality, a plaintiff cannot demonstrate a breach of duty." Id. If the plaintiff's expert is unable to establish knowledge of the requisite standard of care, the plaintiff fails to carry her burden under § 29-26-115(a), rendering summary judgment appropriate. Hardin, 2007 WL 2112670, at *7; Mabon, 968 S.W.2d at 831.

In this case, even though Dr. Riley opined that Medco breached the standard of care for pharmacists in its community, he completely failed to describe what the standard of care for a pharmacist in any community was.[2] Thus, his affidavit falls short of providing the proof necessary to support Preece's claim and overcome summary judgment. See Moore v. Walwyn, No. 01A01-9507-CV-00295, 1996 WL 17143, at *5 (Tenn. Ct. App. Jan. 19, 1996) (document

---

[2] Generally, "[t]he pharmacist is a professional who has a duty to his customer to exercise the standard of care required by the pharmacy profession in the same or similar communities as the community in which he practices his profession." Dooley v. Everett, 805 S.W.2d 380, 385 (Tenn. Ct. App. 1990), app. denied (Feb. 19, 1991).

provided by plaintiff that failed to describe the standard in the defendant's community or a similar community or even describe a "standard of acceptable professional practice" under the statute renders summary judgment on medical malpractice claim appropriate); see also Legg v. Chopra, 286 F.3d 286, 293 (6th Cir. 2002) (where affiant failed to indicate what should have been done differently to prevent the injuries that occurred, summary judgment under Rule 56 warranted). Summary judgment is therefore granted in favor of the Defendant.

IT IS SO ORDERED this 17th day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE